# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES--GENERAL**

Case No.  **CV 23-9273-MRA (JPRx)**                    Date: **January 3, 2025**
Title:  **Autec Power, Inc., et al. v. Vencient Barnes et al.**

================================================================

DOCKET ENTRY: **Order Granting in Part Plaintiffs' Motion for Attorney's Fees (ECF No. 71)**

================================================================

PRESENT:

**HON. JEAN P. ROSENBLUTH, U.S. MAGISTRATE JUDGE**

| Bea Martinez | n/a |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS:         ATTORNEYS PRESENT FOR DEFENDANTS:
None present                                                        None present

**PROCEEDINGS: (IN CHAMBERS)**

On October 25, 2024, the Court granted Plaintiffs' motion to compel Defendant Autec Power, Inc.,[1] to produce documents and serve supplementary interrogatory responses. But the Court found that Plaintiffs had not provided any evidence to support their request for attorney's fees for having to bring the motion. On November 8, 2024, Plaintiffs filed a separate motion, with evidence, requesting the fees. Defendant opposed on November 22, and Plaintiffs replied on November 29. After considering Plaintiffs' pleadings and Defendant's opposition, the Court GRANTS the request IN PART.

## I.    LEGAL STANDARD

Federal Rule of Civil Procedure 37(a)(5)(A) provides that when a discovery motion is granted, the court generally "must" order the opposing party or counsel to pay "the movant's reasonable expenses incurred in making the motion, including attorney's fees." A party may avoid such an award only if its position was "substantially justified" or "other circumstances make an award of expenses unjust." See Fed. R. Civ. P. 37(a)(5)(A)(ii)-(iii). "The district court has great latitude in imposing sanctions under" Rule 37. Lew v. Kona Hosp., 754 F.2d 1420, 1425 (9th Cir. 1985) (as amended).

---

[1] Defendant's name is the same as one of the Plaintiffs.

MINUTES FORM 11                                            Initials of Deputy Clerk: bm
CIVIL-GEN

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

| | |
|---|---|
| Case No.: **CV 23-9273-MRA (JPRx)** | January 3, 2025 |
| **Autec Power, Inc., et al. v. Vencient Barnes et al.** | Page 2 |

---

Courts use the "lodestar" method to calculate the amount of reasonable fees under Rule 37. Acosta v. Sw. Fuel Mgmt., Inc., No. CV 16-4547 FMO (AGRx), 2018 WL 1913772, at *10 (C.D. Cal. Mar. 28, 2018) ("It is well-settled that, under Rule 37, the court may properly calculate the amount of fees using the lodestar method."). Under that method, a court multiplies the "number of hours reasonably expended on the litigation" by a "reasonable hourly rate." Chaudhry v. City of L.A., 751 F.3d 1096, 1110 (9th Cir. 2014) (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). The moving party must produce affidavits and evidence that its requested fees are reasonable. Id. (citing Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 980 (9th Cir. 2008)). Once it has done so, "[t]he party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the . . . facts asserted by the prevailing party in its submitted affidavits." Camacho, 523 F.3d at 980 (citation omitted).

In most cases, the lodestar figure is presumptively reasonable. Id. at 978 (citation omitted). If circumstances warrant, a court may "adjust the lodestar to account for other factors which are not subsumed within it." Id. (citation omitted).

Although the district court must generally give reasons for reducing fees, see Costa v. Comm'r Soc. Sec. Admin., 690 F.3d 1132, 1135 (9th Cir. 2012) (per curiam) (citing Moreno v. City of Sacramento, 534 F.3d 1106, 1111 (9th Cir. 2008)), it can impose a reduction of up to 10 percent — a "haircut" — based "purely on the exercise of its discretion and without more specific explanation," id. at 1136 (citing Moreno, 534 F.3d at 1112); see also Ghaznawi v. San Joaquin Cnty., No. 2:22-cv-01988-MCE-CSK, 2024 WL 1856417, at *7-8 (E.D. Cal. Apr. 26, 2024) (noting same in awarding attorney's fees for bringing motion to compel under Rule 37(a)).

## II.  DISCUSSION

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

| | | |
|---|---|---|
| Case No.: | **CV 23-9273-MRA (JPRx)** | January 3, 2025 |
| | <u>Autec Power, Inc., et al. v. Vencient Barnes et al.</u> | Page 3 |

------------------------------------------------------------

A.   <u>Plaintiffs Are Entitled to Reasonable Attorney's Fees</u>

In its order granting Plaintiffs' motion to compel, the Court found that Defendant had not "shown good cause for failing to file a timely opposition" to the motion.  (Order, ECF No. 69 at 2.)  Because Defendant had not provided any justification for failing to provide the requested discovery, Plaintiffs were "entitled to receive [it] now."  (<u>Id.</u>)  Defendant's response to the fees motion says nothing about the substance of its objections and responses to Plaintiffs' discovery requests, as Plaintiffs note (Reply, ECF No. 73 at 3), other than a vague assertion that the requests were "excessive, duplicative, and designed to overwhelm Defendant."  (Def.'s Opp'n, ECF No. 72 at 8).  Instead, Defendant argues that its failure to provide the requested discovery was "substantially justified" because Plaintiffs' counsel engaged in "gamesmanship, and tactical maneuvering intended to drive up the costs of litigation and unfairly harass" Defendant.  (<u>Id.</u> at 6.)  Defendant points to conversations between counsel in which Plaintiffs' counsel criticized the reasonableness of Defendant's objections, allegedly called Defendant's attorney a "liar," and supposedly told Defendant's attorney to "shut up."  (<u>Id.</u> at 2-3; Wang Decl., ECF No. 72-1 ¶¶ 5, 13-16.)  But even assuming Plaintiffs' counsel made such discourteous comments, Defendant hasn't shown how they rendered Defendant's position on the requested discovery "substantially justified."  <u>See</u> Fed. R. Civ. P. 37(a)(5)(A)(ii).[2]

---

[2] Without directly disputing Defendant's account, Plaintiffs' counsel states that he has "a different recollection" of the parties' meet-and-confer discussions.  (Reply, ECF No. 73 at 8 n.2.)  But Plaintiffs' counsel clearly made inappropriate and demeaning comments in his May 20, 2024 email to Defendant's counsel (Wang Decl., Ex. C, ECF No. 72-5 at 17), contributing to the Court's decision, as discussed <u>infra</u>, to impose a 10 percent "haircut" on the requested fees.  The Court expects counsel to refrain from resorting to ad hominem attacks no matter how frustrated they might become during discovery disputes.

MINUTES FORM 11                                                    Initials of Deputy Clerk: bm
CIVIL-GEN

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

| | |
|---|---|
| Case No.:   **CV 23-9273-MRA (JPRx)** | **January 3, 2025** |
| <u>**Autec Power, Inc., et al. v. Vencient Barnes et al.**</u> | **Page 4** |

---

    Defendant argues that the Court should deny the fee request because Plaintiffs had agreed to delay filing their motion to compel. (Def.'s Opp'n, ECF No. 72 at 7.) But the August 22, 2024 agreement at issue was to "extend all deadlines in the proceeding." (Wang Decl., Ex. I, ECF No. 72-10 at 2-3.) Nothing indicates that Plaintiffs agreed to postpone filing their motion to compel. In fact, in an email later that day, Plaintiffs' counsel reminded Defendant's counsel that Defendant's portion of the joint stipulation supporting the motion was due by August 29 "so that we can then file our notice of motion and the finalized joint stipulation with the Court." (<u>Id.</u>, Ex. J, ECF No. 72-11 at 5.) Thus, Defendant could not truly have believed that Plaintiffs intended to delay their motion.

    Defendant argues that it "consistently made good faith efforts to honor oral agreements" and "continued to amend and produce documents." (Def.'s Opp'n, ECF No. 72 at 7.) But Defendant nevertheless persisted in unfounded objections, and its alleged "good faith" doesn't render an award of expenses unjust. <u>See</u> <u>TIW Holdings LLC v. Evo Brands LLC</u>, No. 5:23-cv-00005-AB-MAR, 2024 WL 2107379, at *8 (C.D. Cal. May 6, 2024) (finding that defendants' "good faith engagement" in discovery process did not render award of expenses unjust because withdrawing objections and supplementing responses would have been unnecessary if defendants had "made proper objections and made more efforts to comprehensively respond" in first instance). Finally, Defendant argues that Shih-Chieh Wang, one of its attorneys, had to travel to Taiwan to "care for his critically ill mother." (Def.'s Opp'n, ECF No. 72 at 8.) But as the Court noted in granting the motion to compel, "the very filing of the opposition [to the motion to compel] shows that Defendant didn't need Wang, who apparently remain[ed] unavailable" at that time, to timely oppose the motion. (Order, ECF No. 69 at 2 (noting that opposition was signed by Defendant's other attorneys).) Defendant has not shown that "other circumstances make an award of expenses unjust." <u>See</u> Fed. R. Civ. P. 37(a)(5)(A)(iii). Thus, Plaintiffs are entitled to reasonable attorney's fees.

| | |
|---|---|
| MINUTES FORM 11<br>CIVIL-GEN | Initials of Deputy Clerk : bm |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

| | | |
|---|---|---|
| Case No.: | **CV 23-9273-MRA (JPRx)** | January 3, 2025 |
| | <u>**Autec Power, Inc., et al. v. Vencient Barnes et al.**</u> | Page 5 |

---

  B. <u>Hourly Rate</u>

 Plaintiffs seek an hourly rate of $795 for the two partners involved in preparing the motion and $450 for the one associate. (<u>See</u> Gregory Decl. ¶¶ 4-6, ECF No. 71-2; <u>see also</u> <u>id.</u> ¶ 9 (discussing prevailing rates in community).) Defendant argues that "Plaintiffs have only provided their counsel's own declaration to justify the hourly rates" (Def.'s Opp'n, ECF No. 72 at 12), but Defendant provides no evidence contradicting those figures. Plaintiffs met their evidentiary burden by producing a declaration from their attorney "regarding prevailing fees in the community." <u>Chaudhry</u>, 751 F.3d at 1110 (citing <u>United Steelworkers of Am. v. Phelps Dodge Corp.</u>, 896 F.2d 403, 407 (9th Cir. 1990)). Defendant failed to meet its burden of rebuttal. <u>Camacho</u>, 523 F.3d at 980. Thus, the requested rates of $795 and $450 are reasonable.

  C. <u>Number of Hours</u>

 Plaintiffs seek $84,718.55 for a total of 141.6 hours of attorney time, 110.6 of which was for preparing the motion to compel, 21 for preparing the current motion, and 10 for preparing the reply. (<u>See</u> Gregory Decl. ¶¶ 4-8, ECF No. 71-2; Mot., ECF No. 71 at 2.) Defendant argues that the number of hours "billed for a single, routine motion to compel . . . raises clear concerns about the reasonableness of the fees" (Def.'s Opp'n, ECF No. 72 at 12), "54.2 hours billed by two partners for a single motion to compel . . . raises serious concerns" (<u>id.</u> at 11), and "considering the additional 77.4 hours (another nearly two weeks) billed by the associate for routine work, the fees claimed become even more difficult to justify" (<u>id.</u>). But Defendant "does not explain why that is so or cite any supporting authority or evidence," as Plaintiffs note. (Reply, ECF No. 73 at 11.) And

> [a]n attorney's sworn testimony that, in fact, it took the time claimed is evidence of considerable weight on the issue of the time required. Indeed,

| | |
|---|---|
| MINUTES FORM 11 | Initials of Deputy Clerk : bm |
| CIVIL-GEN | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

| | | |
|---|---|---|
| Case No.: | **CV 23-9273-MRA (JPRx)** | January 3, 2025 |
| | <u>**Autec Power, Inc., et al. v. Vencient Barnes et al.**</u> | Page 6 |

------------------------------------------------------------

to reduce the number of hours submitted, it must appear that the time claimed is obviously and convincingly excessive under the circumstances.

<u>Brevoort v. G4S Secure Solutions (USA) Inc.</u>, No. CV 20-5432 SPG (PVCx), 2022 WL 18231684, at *2 (C.D. Cal. Aug. 16, 2022) (citation omitted).

Nevertheless, the Court's independent review of the fees request does reveal some issues with it.  First, Plaintiffs request $11,520.00 for 21 hours in connection with preparing the current motion.  (Mot., Mem. P. & A., ECF No. 71-1 at 10.)  But they have presented no evidence showing what tasks each attorney performed or how much time was spent on each task.  Moreover, they wouldn't have had to file the instant motion had they properly supported their original request.  Thus, Plaintiffs haven't shown that the time spent was reasonable, and the Court reduces the total number of hours by that 21, for a reduction of $11,520.

Similarly, Plaintiffs request $6,800 for 10 hours "at a blended hourly rate of $680" that they "anticipate they will incur" in preparing their reply in support of their fees request.  (<u>Id.</u>)  But Plaintiffs have not submitted any evidence showing how much time they actually spent preparing the reply.  Therefore, they haven't demonstrated the time spent was reasonable, and the fee award is reduced by 10 hours at the blended hourly rate of $680, for a total reduction of $6,800.

And to the extent some of the time is duplicative, particularly time billed for three attorneys — including two partners — to review and revise pleadings and communications with opposing counsel (<u>see</u> Mot., Ex. A, ECF No. 71-3 at 2-4); <u>see</u> <u>Mardirossian v. Guardian Life Ins. Co. of Am.</u>, 457 F. Supp. 2d 1038, 1050 (C.D. Cal. 2006) (excluding from attorney's-fee award time billed by second attorney because matter was "relatively straightforward and involved a limited set of facts" and "could easily have been handled" by one attorney), the Court exercises its discretion to impose an additional 10 percent "haircut" on the remaining 110.6 hours.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

| | | |
|---|---|---|
| Case No.: | **CV 23-9273-MRA (JPRx)** | January 3, 2025 |
| | **<u>Autec Power, Inc., et al. v. Vencient Barnes et al.</u>** | Page 7 |

---

The 62.4 hours of associate time is therefore reduced by 6.2 hours at the associate rate of $450 an hour, and the 48.2 hours of partner time is reduced by 4.8 hours at the partner rate of $795 an hour, for a total reduction of $6,606.

### III.   CONCLUSION

For all these reasons, Plaintiffs' attorney's-fees request is GRANTED IN PART.  Plaintiffs' counsel's claimed hourly rates of $450 and $795 are reasonable, but the hours are reduced by a total of 42, to 99.6, as explained above.  Thus, Plaintiffs are entitled to $59,792.55 in fees for having to file their motions.  No later than 14 days from the date of this order, Defendant and its counsel, jointly and severally, must pay that amount to Plaintiffs.

cc: Judge Ramirez Almadani