**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

DEMICOM, INC., a California corporation; AUTEC POWER, INC., a California corporation,

Plaintiffs,

v.

VENCIENT BARNES, an individual; JOHN DUAH, an individual; and MARK BOOTH, an individual; AUTEC POWER, INC., a Texas corporation

Defendants.

AUTEC POWER, INC., a Texas corporation,

Counterclaimant,

v.

DEMICOM, INC., a California corporation; AUTEC POWER, INC., a California corporation,

Counter-Defendants,

and

MOSHE COCHEN, an individual,

Third-Party Defendant.

Case No. 2:23-cv-09273-MRA-JPR

**ORDER GRANTING PLAINTIFFS' MOTION FOR ENTRY OF FINAL JUDGMENT AND PERMANENT INJUNCTION**

**[NOTE CHANGES BY THE COURT IN RED]**

Plaintiffs Demicom, Inc. and Autec Power, Inc.'s (collectively, "Plaintiffs") Motion for Entry of Final Judgment and Permanent Injunction against Defendants Autec Power, Inc., Vencient Barnes, John Duah, and Mark Booth (collectively, "Defendants") is granted.

The parties entered a Settlement Agreement on April 20, 2025, which includes a proposed Final Judgment and Permanent Injunction. In Paragraph 1 of the Agreement, Defendants Autec Power, Inc., Vencient Barnes, and John Duah (the "Paying Defendants") agreed to pay Plaintiffs a total of $475,000, with an initial payment of $250,000 due to Plaintiffs "upon execution" of the Settlement Agreement, with five additional payments of $45,000 due every 180 days thereafter until the sum of $475,000 is paid. The parties also agreed that if the Paying Defendants defaulted or breached the Settlement Agreement by failing to timely make any of the payments in Paragraph 1, then the terms of Paragraph 1 would no longer apply. Instead, upon default or breach of Paragraph 1, the Paying Defendants agreed to pay Plaintiffs $700,000 less any payments already made and Plaintiffs' attorney's fees incurred arising out of the Paying Defendants' default or breach, plus interest at the rate of Prime +2 starting on the date upon which the default or breach occurred and continuing until payment of the $700,000 and attorney's fees is made in full. As established in Plaintiffs' Motion, the Paying Defendants undisputedly failed to make the initial settlement payment of $250,000 to Plaintiffs when it was due on April 20, 2025—the Settlement Agreement execution date—and to this day have not made any payment to Plaintiffs or indicated that payment is forthcoming. Therefore, the Paying Defendants are in breach of the Settlement Agreement, and the payment structure in Paragraph 2 of the Settlement Agreement applies.

Thus, finding the Paying Defendants in breach of the Settlement Agreement and pursuant to the parties' Settlement Agreement, the Court hereby **ENTERS** the parties' agreed-upon Final Judgment and Permanent Injunction, as modified to reflect the payment terms in Paragraph 2 of the Settlement Agreement. This Final Judgment and Permanent Injunction disposes of all claims and counterclaims of the parties. The Court retains

jurisdiction to enforce this Order ~~and the parties' Settlement Agreement~~.

**FINAL JUDGMENT**

Based on the agreed facts presented by the Plaintiffs and the Defendants, the Court hereby finds:

1. This Court has personal jurisdiction over Defendants Autec Power, Inc., Vence Barnes, John Duah and Mark Booth, and venue is proper in this district. This Court also has subject matter jurisdiction over this action.

2. Plaintiffs Autec Power Inc. and Demicom, Inc. are California corporations located in Westlake, California (collectively "Plaintiffs"). Plaintiffs have the same officers, directors, and owner (Mr. Moshe Cohen).

3. Defendant Autec Power Inc. is a Texas corporation located in Frisco and Savannah, Texas.

4. Defendant Vence Barnes is an officer and co-owner of Defendant Autec Power, Inc. and resides in Savannah, Texas. Defendant John Duah is an officer and co-owner of Defendant Autec Power, Inc. and resides in New Market, Maryland. Defendant Mark Booth is an employee of Defendant Autec Power, Inc. and resides in Fort Collins, Colorado. Defendants Barnes and Duah~~ and Booth~~ were the moving forces behind the unlawful conduct that is the subject of this Final Judgment and Permanent Injunction.

5. Plaintiffs advertise and sell power supplies and related goods under the marks AUTEC, AUTEC POWER, AUTEC POWER SUPPLIES, APS, and API (collectively, the "AUTEC Marks"). Plaintiff Demicom is the exclusive owner of common law and federally registered rights to the AUTEC Marks, including U.S. Reg. No. 3,296,977 for AUTEC POWER SYSTEMS, as well as various applications for the AUTEC Marks, including App. Serial Nos. 98/389,040, 98/389,061, 98/389,043, 98/389,053, and 98/389,029. Plaintiff Demicom licenses those marks to Plaintiff Autec Power, Inc.

6. Demicom's AUTEC Marks are inherently distinctive because they do not describe an attribute, quality, or characteristic of the products on which they are used. Due

to Plaintiffs' and their predecessor in interest's continuous use of the AUTEC Marks for over 35 years in connection with the advertising, distribution and sale of power supplies and related products nationwide, Plaintiffs' AUTEC Marks are well-known.

7. Demicom's federal trademark registration for AUTEC POWER SYSTEMS (Reg. No. 3,296,977) has achieved incontestable status and is conclusive evidence of the validity of that mark, Demicom's ownership of that mark, and Demicom's exclusive right to use that mark in commerce for the goods listed in the registration. 15 U.S.C. Section 1115(b).

8. Plaintiffs and Defendants entered a contract in November 2020 by which Defendants received a license to use the AUTEC Marks in connection with the advertising, distribution and sale of power supplies and related goods.

9. Even though the November 2020 Agreement was terminated in June 2023, Defendants (i) continued to use the AUTEC Marks and similar marks in connection with the manufacturing, advertising, distribution, and sale of power supplies and related goods and services; (ii) registered and used the domain name **autecpowerinc.com** as their company website and email without informing Plaintiffs and in bad faith; and (iii) applied to register AUTEC Marks in the United States Patent and Trademark Office, including U.S. App. Serial Nos. 98/194,447, 98/710,282, and 99/031,312, claiming ownership of those marks. Despite the United States Patent and Trademark Office's rejection of Defendants' applications on the ground that they caused a likelihood of confusion with Demicom's registered mark for AUTEC POWER SYSTEMS, Defendants continued to use the AUTEC Marks to manufacture, advertise, distribute, and sell power supplies and related goods and services.

10. Plaintiffs commenced this action against Defendants, alleging claims for trademark infringement, trademark counterfeiting, false designation of origin, unfair competition, and cybersquatting in violation of federal and state law, as well as breach of contract in violation of California law. Defendants filed a Counterclaim against Plaintiffs

and Mr. Moshe Cohen, Plaintiffs' owner, alleging breach of contract under California law.

11. Defendants' use of the AUTEC Marks in connection with the manufacturing, advertising, promotion, distribution, and sale of power supplies and related products and services, including their registration and use of the domain **autecpowerinc.com**, causes a likelihood of confusion with Plaintiffs' AUTEC Marks and constitutes trademark infringement, trademark counterfeiting, false designation of origin, and unfair competition in violation of Sections 32 and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a); cybersquatting in violation of the federal Anti-Cybersquatting Consumer Protection Act; and trademark infringement, false designation of origin, and unfair competition in violation of California law. An injunction is required to stop the likelihood of confusion and prevent irreparable injury to Plaintiffs.

12. Defendants Autec Power, Inc., Vencient Barnes, and John Duah (the "Paying Defendants") shall pay Plaintiffs $700,000.00 (Seven Hundred Thousand Dollars), payable immediately, Plaintiffs' attorney's fees incurred due to the Paying Defendants' breach of the Settlement Agreement by failing to timely make the initial settlement payment, and interest at the rate of Prime +2 starting from April 20, 2025, and continuing until the Paying Defendants have paid Plaintiffs the $700,000.00 and attorney's fees.

13. The Paying Defendants are jointly and severally liable for the monetary payment in Section 12 above. Defendant Mark Booth is not liable for the monetary payment required in Section 12 above. Plaintiffs shall not execute or enforce this Judgment on Defendant Mark Booth solely as it relates to the monetary payment required or referred to in Section 12 above. Defendant Mark Booth is otherwise bound by all of the terms and conditions of this Final Judgment and Permanent Injunction.

14. Within 14 days of this Order, Plaintiffs shall file proof of their attorney's fees incurred due to the Paying Defendants' breach of the Settlement Agreement.

## PERMANENT INJUNCTION

In view of the foregoing, it is ordered, judged, and decreed that:

a) Defendants and their agents, servants, employees, corporate and entity affiliates related through common ownership or control, successors, assigns, and all persons or entities acting in concert or participation with or under the control of any of them or having actual knowledge of this Final Judgment and Permanent Injunction are permanently enjoined and restrained from using or registering the AUTEC Marks or any similar name, mark, designation, slogan, domain name, social media handle, logo, or design. This injunction prohibits all use of the AUTEC Marks or any similar name, mark, designation, slogan, domain name, social media handle, logo or design even if the use is not likely to cause confusion or may constitute fair use under any law. By way of limited example, Defendants cannot advertise that a new company was "formerly known as Autec" or use Autec as a keyword, Ad Word or in any social media optimization.

b) Defendants shall destroy all materials and things in their possession, custody or control that violate Section (a), above.

c) Defendants shall use their best efforts to cause third parties to remove all uses of the AUTEC Marks to reference Defendants or Defendants' business, including by online business directories, telephone directories or business aggregators and shall not conduct business with any third party that refuses to remove such references.

d) Defendants shall dissolve or cancel all business registrations, including, but not limited with Intuit for accounting purposes, corporations, assumed names and dbas for Autec Power Inc. or any other entity they own using the AUTEC Marks, including the Texas corporation.

e) Defendants shall abandon with prejudice all federal and state trademark applications for the AUTEC Marks, including Application Serial Nos.

98/194,447, 98/710,282, and 99/031,312, whether pending in the USPTO, a state trademark office or in the trademark office in any country of the world.

f) Defendants shall transfer to Plaintiffs the domain **autecpowerinc.com**, the telephone number 408-518-5920 and all social media accounts using the AUTEC Marks.

g) Each Defendant shall provide to Plaintiffs a signed declaration under penalty of perjury that they have fully complied with Paragraphs a) through g) of this Permanent Injunction and each shall identify the actions that it or he took to comply with these Paragraphs, and attach copies of any pertinent documents, such as the dissolution papers filed with the Texas Secretary of State and the abandonments of the pending trademark applications in the USPTO.

h) Defendants shall not contact, solicit, and conduct business with any customer who they sold products to or solicited for business between November 1, 2020 to date, including customers who they sold products to or solicited during the period they were operating under license agreement with Plaintiffs.

i) This Permanent Injunction is worldwide in effect.

j) The Court dismisses all claims and counterclaims in this action pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), with all Parties bearing their own attorney's fees and costs.

k) The Court retains continuing jurisdiction over the Parties and the action to enforce the terms of this Judgment and Permanent Injunction. ~~and the Settlement Agreement~~.

//

//

//

//

//

l) All other claims and counterclaims are dismissed with prejudice, with each party bearing their own attorney's fees and costs.

**IT IS SO ORDERED.**

Dated: July 24, 2025

HON. MONICA RAMIREZ ALMADANI
UNITED STATES DISTRICT JUDGE